# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

### (Northern Division)

| | |
|---|---|
| **LADONNA THORNE,** | * |
| as PERSONAL REPRESENTATIVE | |
| of the ESTATE of MORRIS H. HILL | * |
| 3600 East 100th Court | |
| Thornton, Colorado 80229 | * |
| | |
| **CHAREE HILL** | * |
| 6660 East Bayaud Avenue, Unit B | |
| Denver, Colorado 80224 | * |
| | |
| **JUDITH WINTERMOYER**, as mother | * |
| and next friend of K.H., | |
| minor child of the decedent, Morris H. Hill | * |
| 13808 Mercersburg Road | |
| Greencastle, Pennsylvania 17225 | * |
| | |
| **MANDY GEYER**, as mother and | * |
| next friend of I.H., | |
| minor child of the decedent, Morris H. Hill | * |
| 10 Washington Road, Apt. 6 | |
| Westminster, Maryland 21157 | * |
| | |
| **TAMMY HILL** | * |
| 6660 East Bayaud Avenue, Unit B | |
| Denver, Colorado 80224 | * |
| | |
| **SHIRLEY CHRISTMON** | * |
| 8805 Dudley Court | |
| Westminster, Colorado 80021 | * |
| | |
| *Plaintiffs* | * |
| v. | |
| | * |
| **PRIMECARE MEDICAL, INC.** | |
| 3940 Locust Lane | * |
| Harrisburg, Pennsylvania 17109 | |
| | * |
|     Resident Agent: | |
|     The Corporation Trust Incorporated | * |
|     2405 York Road, Suite 201 | |
|     Lutherville-Timonium, Maryland 21093 | * |

| | |
|---|---|
| **SARAH ROCK, LPN** <br> c/o PrimeCare Medical, Inc. <br> 3940 Locust Lane <br> Harrisburg, Pennsylvania 17109 <br><br> *Defendants* | * <br><br> * <br><br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME Plaintiffs, Ladonna Thorne, as Personal Representative of the Estate of Morris H. Hill, Charee Hill, adult daughter of decedent Morris H. Hill, Judith Wintermoyer, mother and next friend of minor child of decedent K.H., Mandy Geyer, as mother and next friend of minor child of decedent I.H., Tammy Hill, wife of decedent, and Shirley Christmon, mother of decedent, by and through their counsel, Joseph E. Spicer, Esquire and COHEN HARRIS, LLC and Anton L. Iamele and IAMELE & IAMELE, LLP, who hereby sue Defendants PrimeCare Medical, Inc. and Sarah Rock, LPN. In support of the causes of action included herein, Plaintiffs state as follows:

### Introduction and Jurisdiction

1. On November 28, 2021, Morris Hill was pronounced dead at Meritus Medical Center in Hagerstown, Maryland. By way of autopsy it was determined that Decedent Hill had died from a ruptured gastric ulcer secondary to peritonitis.

2. The claims set for the herein concern inadequate healthcare rendered to Decedent Hill while he was incarcerated at the Washinton County Detention Center, and which proximately led to his untimely passing.

3. At all times relevant to this Complaint, Decedent Hill was incarcerated as pretrial detainee at the Washington County Detention Center. As such, he was subject to controls and restrictions on the freedom of his movement which limited his ability to obtain critical, necessary

and life-saving medical care. The only health care providers that he could access were PrimeCare Medical, Inc., a contracted medical provider at Washington County Detention Center, and its agents, servants, and/or employees.

4. Plaintiff brings the instant action against Defendants PrimeCare Medical, Inc. and its employee LPN Sarah Rock. This claim sets forth herein are for monetary damages in excess of $75,000.00, and are brought pursuant to 42 U.S.C. §§ 1983 and 1988 for alleged constitutional violations, and also under the common law of the State of Maryland, and the Maryland Declaration of Rights.

5. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain claims arising under Maryland State law.

6. Venue is proper in his Court, under 28 U.S.C. § 1391, as the events at issue in this Complaint occurred in Washington County, Maryland.

7. The causes of action set forth herein have been appropriately raised through a Claim, supported by a Certificate of Merit authored by Todd D. Eisner, M.D., a licensed physician Board Certified in gastroenterology, filed with the Maryland Health Care Alternative Dispute Resolution Office on or about November 26, 2024. The filing gave rise to the matter styled *Thorne et al. v. PrimeCare Medical, Inc.*, HCADRO Claim No. 2024-482. Plaintiffs have filed a waiver seeking an "Order of Transfer" before filing the instant suit. (Attached Exhibit 1)

## Parties

8. Decedent Morris Hill (hereinafter "Decedent Hill" or "Mr. Hill") was born on June 1, 1963. Mr. Hill passed away on November 28, 2021. The Estate of Morris H. Hill was opened by the Register of Wills for Washington County on February 1, 2024 and Ladonna

Thorne, 3600 East 100th Court, Thornton, Colorado, was appointed as the Personal Representative for the same.

9. Decedent Morris Hill is survived by his adult daughter. Charee Hill, 6660 East Bayaud Avenue, Unit B, Denver, Colorado 80224, a primary beneficiary in this action pursuant to Maryland Annotated Code, *Courts & Judicial Proceedings Article* §3-904(a). Prior to the incident giving rise to the instant lawsuit, Decedent Morris Hill openly recognized Charee Hill as his child.

10. Decedent Morris Hill is survived by his minor daughter, K.H., 13808 Mercersburg Road, Greencastle, Pennsylvania 17225, a primary beneficiary in this action pursuant to Maryland Annotated Code, *Courts & Judicial Proceedings Article* §3-904(a). Prior to the incident giving rise to the instant lawsuit, Decedent Morris Hill openly recognized Minor K.H. as his child.

11. Decedent Morris Hill is survived by his minor son, I.H., 10 Washington Road, Apartment 6, Westminster, Maryland 21157, a primary beneficiary in this action pursuant to Maryland Annotated Code, *Courts & Judicial Proceedings Article* §3-904(a). Prior to the incident giving rise to the instant lawsuit, Decedent Morris Hill openly recognized Charee Hill as his child.

12. Decedent Morris Hill is survived by his wife, Tammy Hill, 6660 East Bayaud Avenue, Unit B, Denver Colorado 80224, a primary beneficiary in this action pursuant to Maryland Annotated Code, *Courts & Judicial Proceedings Article* §3-904(a).

13. Decedent Morris Hill is survived by his biological mother, Shirley Christmon, 8805 Dudley Court, Westminster, Colorado 80021, a primary beneficiary in this action pursuant to Maryland Annotated Code, *Courts & Judicial Proceedings Article* §3-904(a).

14. Defendant PrimeCare Medical, Inc. was, and presently is, a corporation that maintains a principal place of business at 3940 Locust Lane, Harrisburg, Pennsylvania. At all times relevant to this action, Defendant PrimeCare. was the contractual medical provider at Washington County Detention Center located at 500 Western Maryland Parkway in Hagerstown, Maryland, and was solely and exclusively responsible for the provision of healthcare to pretrial detainees housed at the Washington County Detention Center including, but not limited to, Decedent Hill. Defendant PrimeCare. Acted through its agents, servants, and employees to provide medical attention, operate health care programs, and on-site medical units for and at the Washington County Detention Center.

15. At all times relevant to this Claim, Defendant, Licensed Practical Nurse ("LPN") Sarah Rock (hereinafter, "Ms. Rock" or "LPN Rock") provided medical services at Washington County Detention Center and was an agent, servant, and/or employee of PrimeCare Medical, Inc.

## Facts Common to All Counts

16. On November 15, 2021, Decedent Hill was arrested and transported to the Washington County Detention Center where he would remain housed as a pretrial detainee until he died on November 28, 2021.

17. At all times relevant to this Complaint, Decedent Hill was incarcerated and without freedom, liberty, and a ready ability to obtain critical, necessary and life-saving medical attention other than that provided by Defendant PrimeCare through its agents, servants, and/or employees including, but not limited to Defendant LPN Rock.

18. At all times relevant to this Complaint, Defendant PrimeCare was the contractual medical provider at the Washington County Detention Center and was exclusively responsible for the provision of healthcare to detainees housed at the facility. Defendant PrimeCare Medical, Inc.,

acted through actual, implied, ostensible, and/or apparent agents, servants, and employees including, but not limited to, Defendants LPN Rock, and is vicariously liable and responsible for the negligent acts and omissions of physicians, nurses, physician's assistants, therapists, and technicians pursuant to the doctrine of respondeat superior.

19. On or about November 19, 2021, Decedent Hill was seen by PrimeCare medical staff/personnel for a sick call. Decedent Hill reported that he had been vomiting two to three times per day and had also been experiencing abdominal cramping and diarrhea. Decedent Hill was seen by Physician Assistant ("P.A.") Chelsea Stewart. Decedent Hill was given an injection of promethazine and laboratory studies were ordered.

20. The following day, November 20, 2021, Decedent Hill submitted two additional sick call requests, and he was evaluated by Defendant LPN Rock. At the time, or soon thereafter, Decedent Hill was suffering the effects of a perforated gastric ulcer.

21. On November 27, 2021, at approximately 2:00 p.m., Decedent Hill was transported to the Medical Unit in connection with complaints of chest pains. In the medical unit, Decedent Hill was evaluated by Defendant LPN Rock and/or Defendant PrimeCare's agents, servants and/or employees.

22. At the time of his appearance in the Medical Unit, Decedent Hill was suffering from a perforated gastric ulcer. Neither Defendant LPN Rock nor any of Defendant PrimeCare's agents, servants, and/or employees conducted a medical examination necessary to evaluate Decedent Hill's condition. Nor did they evaluate his reports of upper quadrant/chest pain and or otherwise assess him for the symptoms of acute peritonitis.

23. The only record concerning what, if any, medical examination and/or healthcare had been provided to Decedent Hill is a Vital Sign Flow Sheet record that was completed by Defendant LPN Sarah Rock that reflects his purported vitals at 7:50 p.m.

24. Decedent Hill was returned to his cell at approximately 8:00 p.m. on November 27, 2021. Less than twelve (12) hours later, on November 28, 2021, at 6:30 a.m., Decedent Hill was found in his cell unresponsive and cold to the touch.

25. On November 28, 2021, at 7:52 a.m., Decedent Hill was pronounced dead at Meritus Medical Center in Hagerstown, Maryland.

26. Defendant PrimeCare its agents, servants, and/or employees, including but not limited to Defendant Rock, LPN, were negligent by, among other things, failing to gather a history including subjective complaints necessary to make a differential diagnosis of Decedent Hill's condition; failing to adequately and appropriately chart Decedent Hill's physical state when he first arrived in the Medical Unit at 2:00 p.m. on November 27, 2021, while he was maintained in the medical unit thereafter, and at the time of his release from the medical unit at 8:00 p.m. on November 27, 2021; failing to order ordinary and necessary studies; failing to properly examine/assess Decedent Hill's peritonitis and gastric ulcer; failing to adequately diagnosis Decedent Hill's medical condition; failing to properly treat Decedent Hill's medical condition; failing to allow him access to necessary life-saving emergency medical treatment; failing to undertake reasonable and necessary efforts to ensure that Mr. Hill obtained critical and necessary medical attention; and failing to undertake precautions required by the controlling standard of care and that reasonable health care providers would have undertaken to monitor, control and/or prevent the medical condition which resulted in death.

27.     Moreover, Defendant PrimeCare its agents, servants, and/or employees, including but not limited to Defendant Rock, LPN acted with deliberate indifference to Decedent Hill's serious medical needs when they failed to undertake even minimal efforts to ascertain the root cause of his gastrointestinal distress and evolving chest pain. Defendants failed to undertake minimal ordinary diagnostic or examination efforts and accordingly provided no medical treatment to Decedent Hill.

28.     As a direct and proximate result of the negligence and deliberate indifference of Defendants PrimeCare and Rock, Decedent Hill suffered excruciating pain during the course of his incarceration; a worsening of his condition; a withering of his physical person; and he ultimately died.

29.     Decedent Hill's progressive symptoms and death would have been avoided if he had been properly evaluated and provided ordinary minimal medical care.

30.     Decedent Hill's death is properly attributable to and was directly and proximately caused by the neglect of Defendants PrimeCare and Rock, without any act or omission on the part of Decedent Hill directly thereunto contributing.

31.     Decedent Hill did not assume the risk of any of the injuries referenced herein and relied on the expertise of Defendant PrimeCare Medical, Inc., and its agents, servants, and/or employees, including but not limited to, Defendant Sarah Rock, LPN.

### COUNT I – NEGLIGENCE (MEDICAL MALPRACTICE)
(*All Plaintiff's v. Defendants PrimeCare Medical, Inc. and Sarah Rock, LPN*)

32.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 31 as if fully restated herein.

33.     Defendant PrimeCare Medical, Inc. and Defendant Sarah Rock, LPN had a duty to provide the standard of care of a health care provider that is of the degree of care and skill that

would be used by a reasonably competent health care provider engaged in a similar practice and acting in similar circumstances.

34. Defendant PrimeCare Medical, Inc. and Defendant Sarah Rock, LPN breached the standard of care, deviated from the proper standard or care directly and through their actual and/or apparent agents, servants, and/or employees owed to Decedent Hill, by failing to act as reasonably competent like healthcare providers would have acted under the same or similar circumstances.

35. Defendant PrimeCare Medical, Inc and Defendant Sarah Rock, LPN were negligent in among other things, failing to adequately train, supervise, and instruct their agents, servants, and employees; failing to provide timely medical assistance to Decedent Hill who was incarcerated and unable to seek alternative medical care; failing to properly diagnose and recognize Decedent Hill's medical condition; failing to treat Decedent Hill's medical condition; failing to respond appropriately to Decedent Hill's medical condition; failing to allow him access to necessary and prescribed specialty treatment; failing to intervene in a timely manner to prevent worsening of the medical condition and death; and failing to verify that medical screenings and associated records were reviewed by physicians to ensure that inmates including Decedent Hill received adequate healthcare. Defendant PrimeCare Medical, Inc., its agents, servants, and/or employees, including but not limited to Defendant Sarah Rock, LPN also committed other acts of negligence which are not expressly enumerated herein.

36. As a direct and proximate cause of the negligent acts and/or omissions of the Defendant, PrimeCare Medical, Inc., its agents, servants, and/or employees, including but not limited to Defendant Sarah Rock, LPN, Decedent Hill suffered severe, painful, permanent injuries, and death; experienced physical pain, mental anguish and emotional suffering; required

hospitalization and the need for ongoing medical, nursing, hospital, pharmaceutical, rehabilitative, and custodial care; suffered a loss of enjoyment and quality of life; and death.

37. Defendant PrimeCare Medical, Inc. is also vicariously liable for the acts and omissions of its actual and apparent agents, servants, and/or employees, including but not limited to Defendant Sarah Rock, LPN, who provided care to Decedent Hill.

38. All of Decedent Hill's injuries and claims herein were caused solely by the negligence of the Defendants named and described herein with no contributory negligence on the part of Decedent Hill and/or the Plaintiffs thereunto contributing.

## COUNT II - WRONGFUL DEATH
*(Plaintiffs v. Defendant PrimeCare Medical, Inc. and Defendant Sarah Rock, LPN)*

39. Plaintiffs incorporated by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 38.

40. As a direct and proximate result of the Defendants' negligent breach of duties owed to Decedent Hill, Decedent Hill suffered serious injuries, great mental anguish, and lost his life.

41. Defendant PrimeCare Medical, Inc. its agents, servants, and/or employees, including but not limited to Defendant Sarah Rock, LPN, had a duty to provide the standard of care of a health care provider that is of the degree of care and skill that would be used by a reasonably competent health care provider engaged in a similar practice and acting in similar circumstances.

42. Defendant PrimeCare Medical, Inc., its agents, servants, and/or employees, including but not limited to Defendant Sarah Rock, LPN, breached the standard of care, deviated from the proper standard or care directly and through their actual and/or apparent agents,

servants, and/or employees owed to Decedent Hill, by failing to act as reasonably competent like healthcare providers would have acted under the same or similar circumstances.

43.     Defendant PrimeCare Medical, Inc. its agents, servants, and/or employees, including but not limited to Defendant Sarah Rock were negligent in among other things, failing to adequately train, supervise, and instruct their agents, servants, and employees; failing to provide timely medical assistance to Decedent Hill who was incarcerated and unable to seek alternative medical care; failing to properly diagnose and recognize Decedent Hill's medical condition; failing to treat Decedent Hill's condition; failing to respond appropriately to Decedent Hill's medical condition; failing to allow him access to necessary and prescribed specialty treatment; failing to intervene in a timely manner to prevent worsening of the medical condition and death; failing to verify that medical screenings and associated records were reviewed by physicians to ensure that inmates including Decedent Hill received adequate health; and failing to fill prescriptions or otherwise act to verify that prescribed medications were properly administered to inmates including Decedent Hill. Defendant PrimeCare Medical, Inc., its agents, servants, and/or employees, including but not limited to Defendant Sarah Rock, LPN also committed other acts of negligence which are not expressly enumerated herein.

44.     As a direct and proximate cause of the negligent acts and/or omissions of Defendant PrimeCare Medical, Inc. its agents, servants, and/or employees, including but not limited to Defendant Sarah Rock, LPN, Mr. Hill suffered severe, painful, and permanent injuries; experienced physical pain, mental anguish and emotional suffering; required hospitalization and the need for ongoing medical, nursing, hospital, pharmaceutical, rehabilitative, and custodial care; suffered a loss of enjoyment and quality of life; and death.

45. As a direct and proximate result of the negligence of Defendant PrimeCare Medical, Inc., its agents, servants, and/or employees, including but not limited to Defendant LPN Sarah Rock in causing the death of Decedent Hill, Plaintiffs sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of attention, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education, and other injuries.

46. Defendant PrimeCare Medical, Inc. is also vicariously liable for the acts and omissions of its actual and apparent agents, servants, and/or employees, including but not limited to Defendant Sarah Rock, LPN, who provided care to Decedent Hill.

47. All of Decedent Hill's injuries and claims herein were caused solely by the negligence of the Defendants named and described herein with no contributory negligence on the part of Decedent Hill and/or the Plaintiffs thereunto contributing.

48. Plaintiffs, Charee Hill, Minor K.H., Minor I.H., Tammy Hill, and Shirley Christmon are beneficiaries in this action pursuant to Section 3-904(a) of the Courts and Judicial Proceedings Article of the Maryland Code.

49. This Claim is timely filed within three years after the death of Mr. Hill pursuant to Section 3-904(g) of the Courts and Judicial Proceedings Article of the Maryland Annotated Code.

## COUNT III – SURVIVAL ACTION
(*Plaintiffs v. Defendant PrimeCare Medical, Inc. and Defendant Sarah Rock, LPN*)

50. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 49.

51. As a direct and proximate result of Defendant PrimeCare Medical's and Defendant LPN Sarah Rock's negligence as described herein, Decedent Hill sustained severe

conscious pain and suffering between the time of his medical treatment on November 27, 2021 and the time of his death, living with the pain, limitations, and other consequences and its aftermath, all of which were due exclusively to the negligence of Defendant PrimeCare Medical, Inc. and Defendant LPN Sarah Rock with no contribution thereto by Decedent Hill.

52. Had Decedent Hill survived, he would have been able to maintain an action and recover damages against Defendant PrimeCare Medical, Inc., its agents, servants, and/or employees, including but not limited to Defendant Sarah Rock, LPN.

53. All of Decedent Hill's injuries and claims herein were caused solely by the negligence of the Defendants named and described herein with no contributory negligence on the part of Decedent Hill and/or the Plaintiff's thereunto contributing.

54. Plaintiffs Charee Hill, Minor K.H., Minor I.H., Tammy Hill, and Shirley Christmon are beneficiaries in this action pursuant to Section 3-904(a) of the Courts and Judicial Proceedings Article of the Maryland Code.

**COUNT IV – DEPRIVATION OF RIGHTS UNDER 42 U.S.C.A §1983 – FOURTEENTH AMENDMENT**
(*Plaintiffs v. Defendant Sarah Rock, LPN*)

55. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 54.

56. Decedent Hill was a pre-trial detainee at the time of his death of November 28, 2021.

57. As a pre-trial detainee, Decedent Hill was protected from deliberate indifference to his serious medical needs by the Fourteeth Amendment.

58. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the U.S. Supreme Court held that deliberate indifference by prison officials to serious medical needs of prisoners violated the

Eighth Amendment's Cruel and Unusual Punishment Clause. In 2015, the Supreme Court held in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) that the standard for assessing claims brought by pretrial detainees, against prison officials, should be evaluated under the Fourteenth Amendment's Due Process Clause.

59. Under the Fourteenth Amendment, Decedent Hill was also protected from conduct that is not rationally related to a legitimate nonpunitive governmental purpose or actions that appear objectively excessive in relation to that purpose under *Kingsley v. Hendrickson*, 576 U.S. 389, 396-98 (2015).

60. At the time Decedent Hill's detention, it was clearly established that "a pretrial detainee ha[d] a right to be free from any form of punishment under the Due Process Clause of the Fourteenth Amendment." *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990). And that right required "that government officials not be deliberately indifferent to any serious medical needs of the detainee." *Id.*

61. Defendant Sarah Rock, LPN knew of these clearly established rights at the time of Decedent Hills' death.

62. At all times relevant thereto, Defendant Sarah Rock, LPN was acting under color of state law.

63. Defendant Sarah Rock, LPN, knew of and disregarded the excessive risks associated with Decedent Hill's medical conditions and nonetheless, with deliberate indifference, decided not to perform or obtain appropriate medical evaluation or to provide or obtain necessary urgent medical care. Defendant Sarah Rock, LPN did so despite being expressly aware of Decedent Hills' serious medical needs and obvious need for the same, and she recklessly disregarded a substantial risk of physical harm to Decedent Hill.

64. When Decedent Hill submitted sick call slips and requested to be examined on November 20 and again on November 27, he was suffering the effects of a perforated gastric ulcer requiring emergent medical care. This was a serious medical condition and the need for a doctor's attention was patent.

65. Despite the apparent need for continuing medical care, Decedent Hill was returned to his cell without receiving critical, necessary and lifesaving medical attention.

66. Defendant Rock allowed Decedent Hill to depart the medical department and return to his cell notwithstanding her knowledge that (1) he required continuing medical surveillance, evaluation and treatment; (2) he would not have access to such treatment upon return to his cell; and (3) the circumstance was dire. In so doing, Defendant Rock knowingly placed Decedent Hill at substantial risk of suffering serious harm.

67. Defendant Rock made an intentional decision that Decedent Hill would not receive continuing medical care with an awareness that he would be confined to his cell without access to any alternative care.

68. Moreover, Defendant Rock did not make reasonable available measures to abate the risk of progressive disease process and death to which Decedent Hill had been exposed, even though a reasonable officer in the same circumstances would have appreciated the high degree of risk involved.

69. Defendant Rock and Defendant knowingly disregarded a substantial risk that Decedent Hill was suffering a progressive condition and corresponding risk of serious risk that existed at the time.

70. When Decedent Hill alerted Defendant Sarah Rock, LPN to his need for medical assistance, Defendant Sarah Rock, LPN acted with deliberate indifference to Decedent's readily

apparent need for medical attention and constitutional right by refusing to obtain and provide any medical treatment.

71. Decedent Hill died as a direct proximate result of the deliberate indifference of Defendants Rock.

WHEREFORE, Plaintiff Ladonna Thorne, as Personal Representative of the Estate of Morris H. Hill, Charee Hill, adult daughter of decedent Morris H. Hill, Judith Wintermoyer, mother and next friend of minor child of decedent K.H., Mandy Geyer, as mother and next friend of minor child of decedent I.H., Tammy Hill, wife of decedent, and Shirley Christmon, mother of decedent. hereby requests that this Honorable Court:

(A) Award the Plaintiffs actual, compensatory, and consequential damages in an amount to be determined at trial against Defendant PrimeCare Medical, Inc. and Sarah Rock, LPN, jointly and severally;

(B) Award Plaintiff punitive damages in an amount to be determined at trial against PrimeCare Medical, Inc. and Sarah Rock, LPN;

(C) Award costs of this action to the Plaintiffs;

(D) Award the Plaintiffs reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and

(E) Award such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Joseph E. Spicer, Federal Bar No. 27839 | Anton L. Iamele, Federal Bar No. 00878 |
| Cohen Harris, LLC | Iamele & Iamele, LLP |
| 40 York Road, 4th Floor | 201 North Charles Street, Suite 1802 |
| Towson, Maryland 21204 | Baltimore, Maryland 21201-4111 |
| Telephone No.: 443-800-1300 | Telephone No.: 410-779-6160 |
| Fax No.: 443-773-0675 | Fax No.: 410-779-6161 |
| Email: Joseph@cohenharris.com | Email: Aiamele@iamelelaw.com |
| *Attorney for Plaintiffs* | *Attorney for Plaintiffs* |

**PRAYER FOR JURY TRIAL**

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a jury trial.

/s/
Anton L. Iamele